**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EEOC, ) | No. CV 04-2003-PCT-JAT |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) T.R. Orr, Inc. an Arizona Corporation, ) | |
| )  Defendant. ) | |
| Thomas J. Louviere, a married man, ) | |
| )  Intervenor. ) | |

Pending before the Court is Defendant T.R. Orr, Inc.'s Motion for Summary Judgment (Doc. # 86).  Also pending is Plaintiff EEOC's Motion to Strike "Defendant T.R. Orr's Objections to Plaintiff EEOC's Statement of Facts" or, in the alternative, Motion for Leave to File a Surresponse to the "Objections" and to T.R. Orr's Reply (Doc. # 101) and Plaintiff EEOC's Motion for Expedited Decision on "Motion to Strike . . . or Motion for Leave to File a Surresponse" (Doc. # 105).

**I.    Background**

On September 24, 2004, the Equal Employment Opportunity Commission (the "EEOC") filed a complaint against T.R. Orr, Inc. ("T.R. Orr") alleging that Orr has "engaged in unlawful employment practices at its Cottonwood, Arizona job site, in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(1), by allowing a co-worker to subject Mr. Louviere

1  to sexual harassment that altered the terms and conditions of Mr. Louviere's employment and
2  created a hostile work environment." According to the complaint, the "unlawful sexual
3  harassment was partially physical in nature" and "partially verbal in nature." The EEOC also
4  alleges that Orr "has failed, in violation of section 709(c) of Title VII, 42 U.S.C. § 2000e-
5  8(c), to make and preserve records relevant to the determination of whether unlawful
6  employment practices have been or are being committed." The EEOC seeks injunctive relief,
7  compensation for Louviere's past and future pecuniary and non-pecuniary losses, and
8  punitive damages. Thomas Louviere ("Louviere"), the alleged victim of the sexual
9  harassment, subsequently intervened and filed his own complaint. In his complaint, Louviere
10 asserts the same allegations and seeks similar relief. Additionally, Louviere specifically
11 seeks back pay, rightful place reinstatement or front pay, and damages for intentional
12 infliction of emotional distress.
13         On May 17, 2006, T.R. Orr filed a motion for summary judgment claiming that it is
14 not liable for the alleged harassment because it neither knew nor should have known of the
15 alleged harassment and that, upon receiving a complaint from Louviere, took prompt and
16 effective action to remedy the alleged harassment. T.R. Orr also claims that Louviere's
17 intentional infliction of emotional distress claim fails because its alleged conduct was not
18 outrageous and beyond all bounds of decency. Further, T.R. Orr claims that Louviere has
19 failed to state a claim for constructive discharge because he voluntarily quit after T.R. Orr
20 remedied the alleged hostile work environment by terminating the alleged harasser. Finally,
21 T.R. Orr claims it has complied with the record keeping requirements of 42 U.S.C. § 2000e-
22 8(c).
23 **II.    Summary Judgment Standard**
24         Summary judgment is appropriate when "the pleadings, depositions, answers to
25 interrogatories, and admissions on file, together with affidavits, if any, show that there is no
26 genuine issue as to any material fact and that the moving party is entitled to summary
27 judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated,
28

1  "...against a party who fails to make a showing sufficient to establish the existence of an
2  element essential to that party's case, and on which that party will bear the burden of proof
3  at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4  Initially, the movant bears the burden of pointing out to the Court the basis for the
5  motion and the elements of the causes of action upon which the non-movant will be unable
6  to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-
7  movant to establish the existence of material fact. *Id.* The non-movant "must do more than
8  simply show that there is some metaphysical doubt as to the material facts" by "com[ing]
9  forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.
10 Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.
11 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury
12 could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
13 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create
14 a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However,
15 in the summary judgment context, the Court construes all disputed facts in the light most
16 favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir.
17 2004).

18 **III.    Discussion**

19        **A.    Sexual Harassment Claim**

20  Under Title VII, an employer may not "discriminate against any individual with
21 respect to his compensation, terms, conditions, or privileges of employment, because of such
22 individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Same-
23 sex sexual harassment is a form of sex discrimination and is actionable under Title VII.
24 *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79 (1997). "By tolerating sexual
25 harassment against its employees, the employer is deemed to have adversely changed the
26 terms of their employment in violation of Title VII." *Swenson v. Potter*, 271 F.3d 1184, 1191
27 (9th Cir. 2001) (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

28

1  To prove a hostile work environment claim, plaintiff must demonstrate conduct "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). When a non-managerial co-worker is the alleged harasser, an employer is "liable for failing to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known." *Ellison v. Brady*, 924 F.2d 872, 881 (9th Cir. 1991) (quoting *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1515-16 (9th Cir. 1989). An employer may avoid such liability by undertaking measures "reasonably calculated to end the harassment." *Id*. (quoting *Katz v. Dole*, 709 F.2d 251, 256 (4th Cir. 1983). The measures undertaken must be reasonably prompt. *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001). As the Ninth Circuit further explained, "[a]n employer's remedy should persuade the individual harassers to discontinue unlawful conduct." *Ellison*, 924 F.2d at 881. This does not necessarily require termination of the harasser's employment; instead, "the reasonableness of an employer's remedy will depend on its ability to stop harassment by the person who engaged in harassment." *Id*.

Liability may also be imputed to an employer "who anticipated or reasonably should have anticipated that the plaintiff would become a victim of sexual harassment in the workplace and yet failed to take action reasonably calculated to *prevent* such harassment." *Paroline v. Unisys Corp.*, 879 F.2d 100, 107 (4th Cir. 1989), *aff'd in relevant part, vacated in part on other grounds*, 900 F.2d 27 (4th Cir. 1990). An employer's knowledge of prior sexual harassment by the co-worker against other co-workers "will often prove highly relevant in deciding whether the employer should have anticipated that the plaintiff too would become a victim of" the co-worker's harassment. *Id*.

T.R. Orr argues that it is not liable for Stoke's alleged sexual harassment of Louviere because it did not know and should not have known of the alleged conduct. Further, T.R. Orr argues that once Louviere reported the alleged conduct, it took prompt and effective action

- 4 -

against Stokes by terminating him. In contrast, the EEOC argues that T.R. Orr is liable for Stoke's alleged conduct because two prior T.R. Orr employees reported similar conduct by Stokes. Accordingly, the EEOC concludes that T.R. Orr anticipated or reasonably should have anticipated that Louviere would become a victim of sexual harassment in the workplace, but failed to take action reasonably calculated to prevent such harassment. The EEOC also argues that Stokes' pervasive use of curse words and inappropriate physical touching of other employees clearly shows that T.R. Orr knew or should have known of Stoke's alleged conduct. Finally, the EEOC argues that T.R. Orr failed to take prompt, effective remedial action to prevent further harassment by Stokes. The EEOC's argument in this regard concerns not only T.R. Orr's remedial actions prior to Louviere's complaints, but also T.R. Orr's actions after Louviere reported the alleged harassment.

The Court has reviewed the memoranda and supporting exhibits submitted by the parties and, construing all disputed facts in the light most favorable to the EEOC, finds that there are material disputes concerning the pervasiveness of Stokes' verbal and physical conduct. The Court further finds that there are material disputes concerning T.R. Orr's actual or constructive knowledge of Stokes' conduct, including whether or not certain employees who were aware of Stokes' conduct were acting in a managerial capacity, and the promptness and effectiveness of T.R. Orr's remedial actions before and after Louviere's complaints. Accordingly, T.R. Orr has failed to demonstrate that it is entitled to judgment as a matter of law and the Court will deny T.R. Orr's motion for summary judgment to the extent it seeks dismissal of the sexual harassment claim.[1]

---

[1] Because T.R. Orr's motion is not premised, in whole or in part, on the characterization of Stokes' conduct as constituting sexual harassment, the Court's Order shall not be construed as a finding that Stokes' conduct constitutes same-sex sexual harassment under the case law. *See, e.g., Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998); *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061 (9th Cir. 2002); *Cole v. Kone Elevators, Inc.*, 2006 WL 3313707 (D.Ariz. 2006) (Martone, J.).

- 5 -

### B. Record-Keeping Claim

Title VII requires employers to "make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed" and "preserve such records for such periods . . . as the [EEOC] shall prescribe by regulation." 42 U.S.C. § 2000e-8(c). The regulations provide that employers shall preserve all personnel records for one year and shall preserve all records relevant to litigation stemming from a charge of discrimination until the litigation is terminated. 29 C.F.R. § 1602.14. The EEOC alleges that T.R. Orr violated 42 U.S.C. § 2000e-8(c) because T.R. Orr failed to keep a letter, drafted in October 2002, detailing Stokes' alleged harassment of another employee that occurred prior to the conduct at issue. T.R. Orr received the letter less than seven months before Louviere filed his charge with the EEOC. Thus, the EEOC argues that T.R. Orr was required to keep the letter through the resolution of this litigation.

T.R. Orr represents that it misplaced the letter regarding the prior incident, but made a written notation in Stokes' personnel file concerning the incident. T.R. Orr argues that because it has continually maintained Stokes' personnel file, the notation therein is sufficient to comply with the record-keeping requirements under 42 U.S.C. § 2000e-8(c). Further, T.R. Orr argues that there is no evidence that it purposefully destroyed or failed to retain a copy of the letter or that it has ever attempted to hide the prior sexual harassment allegation. However, as the EEOC notes, a record-keeping violation may occur whether the records are purposely destroyed or merely lost. *See Lombard v. MCI Tel. Corp.*, 13 F.Supp.2d 621, 629 n. 10 (N.D.Ohio 1998). Accordingly, the Court will deny T.R. Orr's motion for summary judgment to the extent it seeks dismissal of the record-keeping claim.

### C. Intentional Infliction of Emotional Distress Claim

To prevail on the claim of intentional infliction of emotional distress, Louviere must show that T.R. Orr's conduct was extreme and outrageous, that T.R. Orr either intended to cause emotional distress or recklessly disregarded the near certainty that emotional distress would result, and that T.R. Orr's conduct actually caused severe emotional distress. *Ford v.*

*Revlon*, 734 P.2d 580, 585 (Ariz. 1987). Extreme and outrageous conduct is "conduct that an average member of the community would regard as atrocious and beyond all possible bounds of decency." *Id*. The Court must make a preliminary determination whether T.R. Orr's conduct may be considered so outrageous and extreme as to permit recovery. *Mintz v. Bell Atlantic System Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995). That issue may only be sent to the jury where "reasonable minds may differ." *Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1386 (Ariz. Ct. App. 1995) (quoting Restatement (Second) of Torts § 46). Even if T.R. Orr's conduct was unjustified, "it does not necessarily rise to the level of 'atrocious' and 'beyond all bounds of decency'" to allow recovery under a claim of intentional infliction of emotional distress. *Id.* (quoting *Ford*, 734 P.2d at 585). Further, a claim for sexual harassment under Title VII is, standing alone, insufficient to support a claim for intentional infliction of emotional distress. *See Stingley v. Arizona*, 796 F.Supp. 424, 431 (D.Ariz. 1992). This is because the threshold of inappropriate conduct is much higher for a claim of intentional infliction of emotional distress than it is for sexual harassment. *Id*. "Major outrage is essential to the tort; and the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough." Restatement (Second) of Torts § 46 cmt. f.

Louviere's claim for intentional infliction of emotional distress is based only on T.R. Orr's actions in failing or refusing to investigate Louviere's complaints and properly supervise Stokes. Louviere alleges this conduct was extreme and outrageous and was done in reckless disregard that Louviere would suffer severe emotional distress. In opposition, T.R. Orr argues that, even accepting as true the allegations it knew Stokes used sexually inappropriate language and engaged in inappropriate physical conduct, its conduct was not outrageous, atrocious or beyond all possible bounds of decency. Considering the "extremely high burden of proof for demonstrating intentional infliction of emotional distress," the Court agrees with T.R. Orr. *See Bodett v. Coxcom, Inc.*, 366 F.3d 736, 747 (9th Cir. 2004). While T.R. Orr's conduct may eventually be found improper or unjustified, the Court cannot

1  conclude that reasonable minds could find that T.R. Orr's alleged conduct was outrageous,
2  atrocious, or beyond all possible bounds of decency. Simply stated, T.R. Orr's alleged
3  conduct simply does not rise to such a level. Accordingly, the Court will grant T.R. Orr's
4  motion for summary judgment to the extent it seeks dismissal of the intentional infliction of
5  emotional distress claim.

6  **D.     Constructive Discharge Claim**

7  "In order to survive summary judgment on [his] constructive discharge claim,
8  [Louviere] must show a triable issue of fact as to whether 'a reasonable person in [his]
9  position would have felt that [he] was forced to quit because of intolerable and
10 discriminatory working conditions.'" *Bergene v. Salt River Project Agric. Improvement &*
11 *Power Dist.*, 272 F.3d 1136, 1143-45 (9th Cir. 2001). T.R. Orr argues, in part, that there was
12 no constructive discharge because Louviere voluntarily resigned his employment after T.R.
13 Orr terminated Stokes for the alleged conduct. Accordingly, T.R. Orr argues that Louviere
14 was not subjected to intolerable working conditions at the time he quit. In contrast, Louviere
15 states that when he spoke to Mr. Orr, the owner of T.R. Orr, about Stokes' conduct, Mr. Orr
16 told him that Stokes had been fired before for such conduct, but was re-hired after Stokes
17 showed remorse. Accordingly, Louviere argues he quit because he was afraid Stokes would
18 be re-hired like before and that the harassment would not end. The Court finds that a genuine
19 issue of material fact exists concerning the circumstances surrounding Louviere's resignation
20 and the working conditions at T.R. Orr at the time. Accordingly, the Court will deny T.R.
21 Orr's motion for summary judgment to the extent it seeks dismissal of the constructive
22 discharge claim.

23    Accordingly,

24    IT IS ORDERED that Defendant T.R. Orr, Inc.'s Motion for Summary Judgment
25 (Doc. # 86) is GRANTED to the extent it seeks dismissal of Intervenor's intentional infliction
26 of emotional distress claim and DENIED in all other respects;

27    IT IS FURTHER ORDERED that Plaintiff EEOC's Motion to Strike "Defendant T.R.

28

- 8 -

1  Orr's Objections to Plaintiff EEOC's Statement of Facts" or, in the alternative, Motion for
2  Leave to File a Surresponse to the "Objections" and to T.R. Orr's Reply (Doc. # 101) is
3  DENIED as moot; and
4      IT IS FURTHER ORDERED that Plaintiff EEOC's Motion for Expedited Decision
5  on "Motion to Strike . . . or Motion for Leave to File a Surresponse" (Doc. # 105) is DENIED
6  as moot.
7      DATED this 14th day of February, 2007.

James A. Teilborg
United States District Judge